IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN PAUL COYNE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. 3:19-CV-1126-L-BK |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

## I. BACKGROUND

Because Plaintiff failed to comply with the Court's Scheduling Order, Doc. 15, and timely file a motion for summary judgment,[1] on April 20, 2020, the Court issued an electronic order advising him that this case would be dismissed under Rule 41(b) unless he filed a motion for summary judgment by May 20, 2020. Doc. 17. As of the date of this recommendation, however, Plaintiff, who is proceeding without the assistance of counsel, has neither responded to the Court's order nor sought an extension of time to do so.

---

[1] *See* Local Civil Rule 9.1(b) (requiring the parties to file cross-motions for summary judgment in Social Security administrative appeal cases).

Plaintiff apparently seeks review of an adverse decision of the Social Security Administration related to disability benefits. Doc. 7 at 2. His Amended Complaint states i*n toto*: "I can't see out of my right eye. I've had two surgeries in my left eye." Doc. 7 at 3. Without additional information, the Court cannot ascertain whether the dismissal of this action will result in Plaintiff being precluded from pursing judicial review of his claim due to limitations. That notwithstanding, dismissal is appropriate even applying a higher standard of review.

## II.  APPLICABLE LAW

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

When a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (concluding that where limitations prevents or arguably may prevent further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional

conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Although lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, . . . a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." (internal quotations and quoted cases omitted)).

### III.  ANALYSIS

Here, the Court finds that there is a clear record of purposeful delay or contumacious conduct by Plaintiff.  This case has been pending for more than one year, and Plaintiff has failed to comply with the Court's orders to file a motion for summary judgment.  Since Plaintiff is representing himself, the delay caused by his implied refusal to comply with the Court's order is attributable to him alone.  *See Berry*, 975 F.2d at 1191.  Moreover, considering his failure to file a motion for summary judgment, no lesser sanction will prompt diligent prosecution of this case. Thus, the Court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Cooper's claims.  *See Nottingham*, 837 F.3d at 441 (holding court did not abuse its discretion in applying higher standard of review and dismissing *pro se* civil rights action due to plaintiff's intentional noncompliance with court orders); *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (same as to habeas petition).

## IV.  CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE**

for failure to comply with a court order and for lack of prosecution.  *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on May 28, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4