IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JONATHAN PAUL COYNE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. **3:19-CV-1126-L** |
| § | |
| **COMMISSIONER, SOCIAL SECURITY** § | |
| **ADMINISTRATION,** § | |
| § | |
| **Defendant.** § | |

# ORDER

On May 28, 2020, United States Magistrate Judge Renée Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18), recommending that the court dismiss without prejudice this action by pro se Plaintiff Jonathan Paul Coyne. ("Plaintiff") under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders. Specifically, she recommends dismissal of this action for Plaintiff's failure to comply with the court's Scheduling Order (Doc. 15) and order of April 20, 2020 (Doc. 17), ordering him to file a motion for summary judgment. Moreover, Magistrate Judge Toliver determined that the dismissal was warranted due to Plaintiff's own "purposeful delay or contumacious conduct," and that "no lesser sanction [would] prompt diligent prosecution of this case." Report. 3. At the time of this order, Plaintiff has not filed a motion for summary judgment as ordered, and no objections to the Report were filed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The Magistrate Judge cites to Plaintiff's purposeful delay or contumacious conduct in failing to file a motion for summary judgment after two opportunities to do so, which is sufficient

Order – Page 1

to dismiss this action with prejudice.  The court, however, agrees with the Magistrate Judge and determines that the better course of action is to dismiss this action without prejudice.  The court, therefore, **dismisses without prejudice** this action for failure to comply with a court order and lack of prosecution under Rule 41(b).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997).  The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 10th day of July, 2020.

Sam A. Lindsay
United States District Judge